UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **SHERAMI FREYOU** | : | **DOCKET NO. 14-cv-3224** |
|     **D.O.C. # 585495** | | |
| **VERSUS** | : | **JUDGE DOHERTY** |
| **JIM ROGERS** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a pro se application for a writ of habeas corpus pursuant to 28 U.S.C § 2254, filed by Sherami Freyou ("petitioner") [doc. 1]. The petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections. She is currently incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana. Jim Rogers, warden, opposes the application. Doc. 24.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the application be **DENIED** and that the petition be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

*A. Conviction*

The petitioner was indicted in the Sixteenth Judicial District, Iberia Parish, Louisiana, on August 5, 2009, on a charge of principal to second degree murder. Doc. 25, att. 1, p. 24. The charge

related to the beating death of Adam Malin ("victim"). *State v. Freyou*, 2012 WL 2016210, *1 (La. Ct. App. 3d Cir. Jun. 6, 2012) (unpublished). The petitioner had complained that another man, Motley Duhon, groped her and then reacted angrily by flipping a bed and shoving her outside after she refused his advances. *Id.* She became angry when she learned that the victim was taking up for Duhon. *Id.* At some point thereafter, she was riding in a car with her mother and grandmother while her two codefendants, Thomas Hebert and Jesa Sam, followed in another car. *Id.* The petitioner spotted the victim, who was walking on the side of the road. *Id.* She pointed him out to her codefendants and instructed them to beat the victim. *Id.* The codefendants attacked the victim, striking him in the head multiple times. *Id.* The victim thereafter died of his injuries. *Id.*

The petitioner pleaded guilty as a principal to manslaughter on July 7, 2011. Doc. 25, att. 1, pp. 39–42; *id.* at 73–74; *id.* at 81–85; *id.* at 103–04. On September 28, 2011, she was sentenced to serve the maximum term of 40 years' imprisonment at hard labor. *Id.* at 163, 167.

### B. Direct Appeal

The petitioner filed an appeal in the Louisiana Third Circuit Court of Appeal, alleging that her sentence was unsupported by the record, disproportionate to the facts of the case, and unconstitutionally excessive. *Freyou*, 2012 WL 2016210 at *1. The Third Circuit reviewed this claim on the merits and denied relief. *Id.* at *2–*3. The petitioner then sought review in the Louisiana Supreme Court, which denied same on January 25, 2013. *State v. Freyou*, 105 So.3d 63 (La. 2013). It does not appear that she filed a petition for a writ of certiorari to the United States Supreme Court.[1]

---

[1] The petitioner marked that such a petition was filed on her § 2254 application. Doc. 1, p. 4. She was ordered by this court to present a copy of her application to the United States Supreme Court and failed to do so. Docs. 13, 16, 18. Furthermore, we can locate no evidence of such an application in the record filed by respondent or anywhere else.

## C. State Collateral Review

The petitioner filed an application for post-conviction relief with the trial court on June 17, 2013.[2] Doc. 1, att. 3, pp. 59–85. There she raised the following claims:

1. The trial court abused its discretion by imposing an excessive sentence, in violation of the petitioner's constitutional rights under the Eighth Amendment.
2. The petitioner received ineffective assistance of counsel based on trial counsel's advice to plead guilty to manslaughter when there was no evidence to support a conviction for the original charge of second degree murder.
3. Louisiana's statute defining "principals," LA. REV. STAT. § 14:24, is unconstitutionally vague and ambiguous.

*Id.* The trial court denied relief and the petitioner sought review in the Louisiana Third Circuit Court of Appeal. *Id.* at 87. The Third Circuit likewise denied relief, finding that the petitioner's claims were without merit. *Id.* The petitioner then sought review in the Louisiana Supreme Court, which denied same on July 31, 2014. *State ex rel. Freyou v. State*, 147 So.3d 169 (La. 2014).

## D. Federal Habeas Petition

The instant petition was filed on October 27, 2014. Doc. 1, att. 2, p. 42. The petitioner raises the following claims for relief:

1. The trial court abused its discretion in imposing an excessive sentence, in violation of the petitioner's constitutional rights under the Eighth Amendment.
2. LA. REV. STAT. § 14:24 is unconstitutionally vague and ambiguous.
3. The petitioner received ineffective assistance of counsel based on her trial counsel's advice to plead guilty to manslaughter when there was no evidence to support a conviction for the original charge of second degree murder.

Doc. 1, att. 2, pp. 7–41.

---

[2] The petitioner signed the application on June 7, 2013. Doc. 1, att. 3, p. 84. However, she does not indicate the date that the petition was delivered to prison authorities for mailing or otherwise served. *See id.* at 85. Accordingly, June 17 is the effective date of filing. *See id.* at 62 (stamp showing date of receipt by trial court).

## II.

### LEGAL STANDARDS ON HABEAS REVIEW

#### A. *Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Mayle v. Felix*, 545 U.S. 644, 644 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the instant petition was filed.

#### B. *Procedural Default and Exhaustion of State Court Remedies*

Before proceeding to the merits of the issues raised in the petition, this court considers the doctrines of procedural default and exhaustion of state court remedies. Exhaustion and procedural

default are both affirmative defenses that may be waived by the state if not raised in its responsive pleadings. *See, e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any claims by respondent under these doctrines, in addition to conducting our own review.

### 1. *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### 2. *Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[3] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

### C. *General Principles*

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 456,

---

[3] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

471 (5th Cir. 1998). A writ of habeas corpus shall not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*, 123 S.Ct. 362, 365 (2002) (per curiam). Furthermore, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedents and arrives at a [contrary] result . . . ." *Bell v. Cone*, 125 S.Ct. 847, 851 (2005) (internal quotations omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination but rather he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner

has to show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 126 S.Ct. 969, 975 (2006).

## III.
### LEGAL ANALYSIS

As a preliminary matter this court reviews the petitioner's application for timeliness, failure to exhaust state court remedies, and procedural default. If the claim is procedurally viable, its merits are considered under the general standards set forth in Section II.C.

### A. *Timeliness*

Here the petitioner's conviction became final on April 26, 2013, when her time for seeking review in the United States Supreme Court expired. *See* Sup. Ct. R. 13. Accordingly, **52 days** accrued before his time limit was tolled by filing an application for post-conviction relief on June 17, 2013. The time limit remained tolled until the Louisiana Supreme Court's judgment on July 31, 2014, allowing an additional **88 days** to accrue before the instant petition was filed on October 27, 2014. Thus **140 days** have run against the petitioner's 365 day limit, making the instant petition timely.[4]

### B. *Exhaustion of State Court Remedies and Procedural Default*

All of the petitioner's claims were exhausted in the state courts and decided there on the merits. Accordingly, these doctrines present no obstacle to review.

### C. *Substantive Analysis*

Having determined which claims are viable, we now review each under the standards enunciated above.

---

[4] The respondent contends that the first claim is untimely, as it was first raised in her direct appeal. The Supreme Court has indicated that timeliness is decided on a claim-by-claim basis. *See Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1813 n. 6 and accompanying text (2005). However, the timeliness calculations under § 2244(d) specifically allow for tolling during an application for post-conviction relief, whether a claim was raised on direct appeal or not. Thus the first claim is not time-barred, despite having been fully litigated in the petitioner's direct appeal.

### *1. Unconstitutional sentence*

The petitioner first complains that her sentence was unconstitutional under the Eighth Amendment.

A sentence for a term of years violates the Eighth Amendment if it is grossly disproportionate to the offense. *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003). The Supreme Court has stated that this will only be found in "exceedingly rare" and "extreme" cases. *Id.* (citing *Harmelin v. Michigan*, 111 S.Ct. 2680, 2705 (1991) (Kennedy, J., concurring)). Multiple factors may be considered, including the sentence imposed for the same crime in other jurisdictions, the sentence imposed for other crimes in the same jurisdiction, and the gravity of the offense compared to the harshness of the penalty. *Solem v. Helm*, 103 S.Ct. 3001, 3011 (1983) However, the final factor remains the most important and comparisons should only be made under the first two factors if it is helpful to the court.[5] *See Terrebonne v. Butler*, 848 F.2d 500, 503 (5th Cir. 1988).

The petitioner urges that her age at the time of the offense (eighteen) and the fact that she was not present for the attack render the maximum sentence unconstitutionally excessive. During sentencing the trial court noted several times that, despite the petitioner's absence during the attack, her decisions had ultimately resulted in the death of a young man. Doc. 25, att. 1, pp. 160–68. The trial court stated that principal liability had been criminalized, with the same range of

---

[5] Here the petitioner raises several cases where defendants received manslaughter sentences below the forty-year maximum, despite directly inflicting the fatal injuries. *See* doc. 1, att. 2, p. 26. However, these cases all included provocation on the part of the victim and/or other elements lending to a belief that the defendants were in the heat of passion. Accordingly, we do not find them persuasive against the sentence assigned here. The petitioner also cites two cases where principals who more actively participated in the crime received sentences below the maximum. *Id.* at 26–27. However, the leniency shown to these two defendants is not enough to render the petitioner's sentence "grossly disproportionate to the offense."

Finally, the petitioner cites several manslaughter cases where the maximum sentence was applied. *Id.* at 24–25. However, her attempt to show that she should not have received the maximum sentence because it had been applied to cases more heinous than hers is unavailing. Even if those crimes reflected a greater degree of culpability than the one at issue here, they could have received no greater sentence than the one applied. Accordingly, we do not find the comparisons particularly apt or helpful in this case.

consequences, for exactly that reason. *Id.* at 163, 166. We also note that the petitioner was still an adult, having attained an age where the law assumes she is fully culpable for her own criminal actions.[6]

The petitioner states that the trial court should have lowered her sentence based on her lack of criminal history. Yet the trial court did consider this factor and noted that the petitioner, as an eighteen-year-old, had little time to accumulate felony convictions as an adult. *Id.* at 167.

The petitioner also urges that she is entitled to some leniency because her dispute with the victim arose from what she alleges was a sexual assault committed by a mutual acquaintance of theirs. However, no charges were filed relating to this assault and no findings of fact were entered as to its occurrence. Additionally, the petitioner admitted in a letter read at her sentencing hearing that the victim in this case had nothing to do with the alleged sexual assault. Doc. 25, att. 2, pp. 36–37. Thus the alleged sexual assault has no bearing as a mitigating factor in Adam Malin's death.

Accordingly, the severity of the crime – the fatal assault on a young victim at the petitioner's urging and instruction – renders the sentence within constitutional bounds and the petitioner has not shown a right to federal habeas relief.

### 2. LA. REV. STAT. § 14:24 *is unconstitutionally vague and ambiguous.*

The petitioner next contends that the Louisiana statute defining principal liability is vague and ambiguous, rendering her conviction unconstitutional.

The statute provides:

> All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense,

---

[6] The petitioner asks us to consider the Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012). There the Court held that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders. However, *Miller* still recognized the age of 18 as a bright line between juveniles and adults and does not forbid sentences like the one issued here to any offender, juvenile or adult.

> aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.

LA. REV. STAT. § 14:24. Petitioner complains that the statute fails to set differing degrees of culpability based on level of involvement and intent by the principal; however, she raises no actual challenge based on the ambiguity or vagueness of any part of the statute. The terms of the statute are in fact clear on the legislature's intent to assign principal liability to a person who performs any of the above actions. Accordingly, the petitioner is not entitled to habeas relief under this claim.

### 3. *Ineffective assistance of counsel*

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). Under *Strickland*, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict. *Id.* at 2064. This standard does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* Judges have been cautioned towards deference in their review of attorney performance under *Strickland* claims in order to "eliminate the potential distorting effect of hindsight." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (quoting *Strickland*, 104 S.Ct. at 1065). The resulting prejudice must also be so great that it creates a substantial likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011). A petitioner must meet both of *Strickland*'s prongs in order to show a basis for federal habeas relief. *Id.*

The *Strickland* test applies to guilty plea challenges based on ineffective assistance of counsel. *Hill v. Lockhart*, 106 S.Ct. 366, 369–70 (1985). In such cases the defendant can satisfy

the second prong by showing a reasonable probability that, but for counsel's errors, he would have insisted on going to trial rather than pleading guilty. *Id.* at 370.

Here the petitioner contends that she only accepted a plea deal for manslaughter based on her attorney's statement that she would be found guilty of second degree murder if she went to trial. Under Louisiana law, a second degree murder includes the killing of a human being "[w]hen the offender has a specific intent to kill **or** inflict great bodily harm." La. Rev. Stat. § 14:30.1(A)(1) (emphasis added). The petitioner alleges that there was no evidence to support her intention to have the victim killed and thus no chance that she would have been convicted of second degree murder.

Plaintiff admitted to pointing the victim out to her codefendants and yelling for them to "kick his ass." Doc. 25, att. 2, p. 37[7]. Her own words create a reasonable basis for believing that she intended for great bodily harm to be afflicted. Accordingly, trial counsel's warning that she could be convicted of second degree murder was not deficient performance and petitioner fails to show that he misinformed her to a degree that would have changed her willingness to accept the plea deal. Thus the petitioner is not entitled to federal habeas relief under this claim.

The petitioner also requests an evidentiary hearing for this claim. No evidentiary hearing is required when the claim can be resolved on the existing record. *Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007). Here the record shows there is no merit to the petitioner's claim, and the petitioner presents no basis for calling that record into doubt. Accordingly, the request for a hearing is denied.

---

[7] Plaintiff added, however, that she "in no way . . . intended for Adam to be beaten up so bad . . . that he would die or even come close to dying." *Id.*

## IV.
### CONCLUSION

The petitioner has not shown that she is entitled to relief under any claim. Accordingly, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir.  1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

-14-

THUS DONE this 22 August 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE